# IN RE KYLE L.*
## (AC 32528)

DiPentima, C. J., and Bear and Borden, Js.

Argued March 8—officially released April 12, 2011

*Sandra T.*, pro se, the appellant (respondent mother).

*Michael J. Besso*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, former attorney general, and *Benjamin Zivyon*, assistant attorney general, for the appellee (petitioner).

*Nancy Owens McMahon*, for the minor child.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

PER CURIAM. The respondent, Sandee B., the mother of Kyle L., appeals from the judgment of the trial court terminating her parental rights as to the minor child.[1] The respondent claims that the court's critical finding, namely, that she had failed to achieve such a degree of personal rehabilitation as would encourage the belief that she could, within a reasonable time, assume a responsible position in the life of the child, was not supported by sufficient evidence. We affirm the judgment of the trial court.

Certain facts and the procedural history are not in dispute. The child was born on August 17, 2004. In October, 2005, the department of children and families first became involved with the family, regarding issues of substance abuse and domestic violence. On November 30, 2005, the petitioner, the commissioner of children and families, filed a neglect petition pursuant to General Statutes § 46b-129, and on January 26, 2006, the petitioner assumed custody of the child pursuant to an order of temporary custody. The neglect petition ultimately was granted on September 13, 2006, and the child was committed to the petitioner's custody and guardianship.

On October 8, 2009, the petitioner filed this petition for termination of parental rights,[2] on the ground that the child previously had been adjudicated neglected and that the respondent had "failed to achieve such degree of personal rehabilitation as would encourage

---

[1] The trial court terminated the parental rights of both parents of the child. Only the respondent mother appealed. We therefore refer to the mother as the respondent. The court-appointed attorney for the child supports the position of the petitioner, the commissioner of children and families, that the judgment should be affirmed.

[2] The petitioner had filed an earlier petition for termination of parental rights that the court, *Hon. Samuel S. Goldstein*, judge trial referee, denied on March 4, 2008.

the belief that within a reasonable time, considering the age and needs of the child, such parent could assume a responsible position in the life of the child . . . ." General Statutes § 17a-112 (j) (3) (B). The court, *Bentivegna, J.*, held a three day trial in May, 2010, and, on July 1, 2010, issued a lengthy memorandum of decision and rendered judgment granting the petition. This appeal followed.

The respondent's sole claim is that the evidence does not support the court's finding that she had failed to achieve the degree of personal rehabilitation specified in the statute. We disagree.

We have reviewed fully the claims of the respondent, both in her brief and in oral argument to this court, the court's memorandum of decision, and the record of the case. The court's findings are detailed, carefully and thoroughly stated, and cover all of the statutory requirements. The evidence supporting each is, as well, thoroughly summarized by the court, and amply supports the critical challenged finding. We cannot agree with the respondent that the finding is not supported by the evidence.

The judgment is affirmed.